IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| ADOLFO ROMERO, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | 2:14-CV-219 |
| § | |
| WILLIAM STEPHENS, Director § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| § | |
| Respondent. § | |

**REPORT AND RECOMMENDATION TO DENY
RESPONDENT'S MOTION TO DISMISS**

On October 23, 2014, petitioner ADOLFO ROMERO, a state prisoner, filed a Petition for a Writ of Habeas Corpus by a Person in State Custody. Petitioner is presently in custody after entering guilty pleas in five (5) cases out of the 108th Judicial District Court of Potter County, Texas. Petitioner's crimes included two DWI offenses (third or more), Cause Nos. 50,839 and 50,840, two counts of possession with intent to a deliver a controlled substance in a drug-free zone, Cause Nos. 57,875 and 57,876, and fraudulent possession of identifying information, Cause No. 57,869. After entering pleas of guilty, petitioner was sentenced in October of 2008. He received a fifteen month sentence on the fraudulent identifying information charge, two 7-year sentences for the driving while intoxicated charges and a 10-year sentence of the possession of drug charge after the drug free zone classification was waived. These sentences were to run concurrently. Petitioner's 10-year sentence for possession with intent to a deliver a controlled substance in a drug-free zone, Cause No. 57,876, was to run consecutively to the four (4) other concurrent sentences. Petitioner did not file a direct

appeal but did file the following state applications for habeas corpus, which the Court of Criminal Appeals denied or dismissed: WR 46,421-02 on Cause No. 57,876 filed November 23, 2009 and denied without written order on March 31, 2010; WR 46,421-03 on Cause No. 57,876 filed April 13, 2014 and dismissed as subsequent on July 9, 2014; WR 46,421-04 on Cause No. 50,839 filed April 13, 2014 and denied without written order on July 9, 2014; WR 46,421-05 on Cause No. 57,875 filed April 13, 2014 and denied without written order on July 9, 2014; WR 46,421-06 on Cause No. 50,840 filed April 13, 2014 and denied without written order on July 9, 2014; and WR 46,421-07 on Cause No. 57,869 filed April 13, 2014 and denied without written order on July 9, 2014.

I.
PETITIONER'S ALLEGATIONS

Petitioner contends the State of Texas is holding him in violation of the Constitution and laws of the United States because:

1. His consecutive ten-year sentence violates the Double Jeopardy Clause;

2. He is being illegally detained;

3. His due process rights are violated by his detainment; and

4. He was denied effective assistance of counsel because he was not admonished that his sentences would be stacked.

II.
RESPONDENT ARGUES THE PETITION IS TIME BARRED

A. Time Limitations

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) states:

A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period

shall run from the latest of –

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

28 U.S.C. § 2244(d)(1). Title 28 U.S.C. § 2244(d)(2) further provides:

The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

### B. The Time Line in Petitioner's Case

Petitioner pled guilty on October 6, 2008. (Petitioner's Hearing Exhibits (PHE1-5). Judgments were actually entered on October 10, 2008. (PHE 9). Petitioner had thirty (30) days in which to file a Notice of Appeal. *See* Tex. R. App. P. 26.2(a)(1). Since petitioner did not appeal his convictions, petitioner's judgments became final on November 9, 2008 upon the expiration of the time period in which to file a Notice of Appeal.

Pursuant to 28 U.S.C. § 2244, petitioner was afforded one year from November 9, 2008, until November 9, 2009, subject to any applicable tolling, to file a federal application for a writ of habeas corpus. Petitioner filed his first state habeas corpus application on November 23, 2009,[1] after the one year period for filing a federal habeas petitioner had expired. Consequently, respondent argues, petitioner's state habeas applications did not toll the statute of limitations and his federal petition is time barred. Petitioner filed this federal petition for habeas relief on October 20, 2014 claiming he is entitled to tolling based upon the discovery of new evidence. He argues he first became aware his second 10-year controlled substance sentence was to run consecutive, rather than concurrent, in January 2014 and only after he had been scheduled for release on parole, had completed a 6-month drug and alcohol program at the TDCJ Kyle Unit, and was three (3) days from being released to a

---

[1] Petitioner attested he signed the "Inmate's Declaration" of his state habeas application on November 23, 2009, although the application was not file-stamped as received by the Potter County Judicial District Court until January 11, 2010.

halfway house.

On May 15, 2015, an evidentiary hearing was held for the sole purpose of consideration of:

> Evidence and argument on the issue of when petitioner knew or should have known his plea and conviction in Cause No. 57,876-E resulted in a 10-year sentence to run consecutive to his other 4 concurrent sentences

At the hearing, petitioner was represented by appointed counsel Assistant Federal Public Defender Ms. Bonita Gunden. Respondent appeared by and through Assistant Attorney General Mr. Jon Meador. Petitioner testified that prior to the entry of his guilty pleas, he had only visited with appointed trial counsel once on the phone and had never received a written plea offer. He also testified counsel never informed him of the date of the plea hearing, and he only learned of it the same day he pled guilty when he was woken up and told by jail guards he was going to court. On the morning of the hearing, petitioner met with his trial counsel for the first time prior to entering his guilty pleas. He testified counsel told him he could go to trial that same day but that the deal being offered was a good one and he should take it. He stated he then saw the court's written admonishments for the first time. Petitioner testified he did not understand everything that transpired at sentencing and was very nervous, focusing his attention on his attorney and the judge. Both parties concede the written plea admonishments did not include any indication whether such sentences were concurrent or consecutive. (PHE 1-5). Petitioner testified the trial judge never explained the "stacked" or consecutive offense. Petitioner testified that whenever the trial judge would ask him a question he would just say yes.

The transcript of the guilty pleas and sentencing reveals there was confusion as to the sentences imposed. For example, the judge initially stated the 15-month sentence for the fraudulent identifying information charge was fifteen (15) years, but was corrected by the State prosecutor. (PHE 6, pg. 8). There was also confusion as to the enhancement paragraphs for both DWI charges

although, ultimately, petitioner pled true to two (2) enhancements. (PHE 6, pg. 6). The State waived, in exchange for the guilty pleas, one of the drug free zone classifications, and the court asked if those sentences were to run concurrent. The State prosecutor responded, "Yes, Your Honor, with the exception of operation of law of the application of a drug free zone, which would be stacked on the non-drug free zone case." (PHE 6, pg. 9). The court responded, "That is so ordered," and proceeded to set petitioner's fines. *Id.* On cross-examination at the evidentiary hearing, petitioner testified he did not understand the prosecutor's statement regarding stacking to mean a consecutive sentence. Petitioner reiterated he was focused on his counsel and trying to understand what the judge was telling him and that it was his interpretation that the "so ordered statement" related to his fines.

Adding to petitioner's claim is the fact, as conceded by respondent, that TDCJ's time calculation sheets for petitioner were incorrect from the onset of his incarceration. Petitioner testified when he arrived at the Byrd Unit his time calculation sheet showed a projected release date of May 14, 2018 with a parole eligibility date of May 13, 2013. (PHE 7). Petitioner testified he met with a parole officer in March of 2013 and agreed to go to a drug and alcohol treatment program at the TDCJ Kyle Unit. He was transferred there and completed the 6-month program. Petitioner testified that on January 3, 2014, only three (3) days prior to his release, the staff took him into the infirmary (due to concern about his heart condition), informed him his time calculations were incorrect, that his second drug conviction was committed in a drug free zone, and that his sentence as a result of this second conviction was actually a consecutive or stacked sentence. Petitioner states he then was transferred to the TDCJ Eastham Unit where he received a new time calculation sheet on January 23, 2014 reflecting a projected release date of May 14, 2028. Petitioner testified he had discharged his DWI sentences (and presumably his shorter fraudulent possession of identifying information sentence), and had been paroled on the other drug charge on November 1, 2014. Upon parole, petitioner was not

released but, instead, began to serve his sentence for the second drug charge and is currently serving that sentence.

Respondent's motion to dismiss petitioner's habeas application is based upon respondent's contention that petitioner was informed, at sentencing, that his sentence for his drug free zone offense would run consecutive to his other sentences. The issue then is whether petitioner knew, at the time he was sentenced, that his second possession with intent to deliver a controlled substance sentence was to run consecutive to the other four (4) concurrent sentences and whether, so knowing, he made a tactical decision not to challenge his convictions once he received his first time calculation sheet showing all sentences were concurrent, or whether petitioner reasonably believed all of his sentences were concurrent and the initial TDCJ calculation sheets he received confirmed that belief.

The Court realizes petitioner's credibility is affected by his status as a convicted felon and by the fact that he has a significant interest in the outcome of these proceedings. However, these factors alone do not completely discredit his testimony. Instead, the undersigned finds petitioner's testimony was not significantly impeached. His demeanor while testifying appeared truthful and his testimony was not inconsistent to any significant degree. The Court finds, under the facts and circumstances of this case, that petitioner's testimony is sufficiently credible to support a finding that he was <u>not</u> aware he had received a consecutive sentence until January 3, 2014, at which time the limitation period to file a federal habeas corpus proceeding began to run. Accordingly, it is the opinion of the undersigned Magistrate Judge that petitioner's federal habeas application filed October 20, 2014 is not time barred and should proceed.

### III.
### RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States

District Judge that the Motion to Dismiss filed by respondent WILLIAM STEPHENS on February 26, 2015 should be DENIED.

IV.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this   1st   day of June 2015.


_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE


* **NOTICE OF RIGHT TO OBJECT** *

Any party may object to these proposed findings, conclusions and recommendation.  In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)©, or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E).  **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  See 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); see also Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  See Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996); Rodriguez v. Bowen, 857 F.2d 275, 276-77 (5th Cir. 1988).