IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ADOLFO ROMERO, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:14-CV-219 |
| | § | |
| WILLIAM STEPHENS, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION
TO DENY PETITION FOR A WRIT OF HABEAS CORPUS**

Came for consideration the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner ADOLFO ROMERO. For the reasons set forth below, it is the opinion of the undersigned United States Magistrate Judge that petitioner's federal application for habeas corpus relief should be DENIED.

I.
PROCEDURAL HISTORY

On October 23, 2014, petitioner ADOLFO ROMERO, a state prisoner, filed a Petition for a Writ of Habeas Corpus by a Person in State Custody. Petitioner is presently in custody after entering guilty pleas in five (5) cases out of the 108th Judicial District Court of Potter County, Texas. Petitioner's crimes included two DWI offenses (third or more), Cause Nos. 50,839 and 50,840, two counts of possession with intent to a deliver a controlled substance in a drug-free zone, Cause Nos. 57,875 and 57,876, and fraudulent possession of identifying information, Cause No. 57,869. After entering pleas of guilty, petitioner was sentenced in October of 2008. He received a fifteen month

sentence on the fraudulent identifying information charge, two 7-year sentences for the driving while intoxicated charges and a 10-year sentence on one of the possession of drug charges after the drug free zone classification was waived. These sentences were to run concurrently. Petitioner's 10-year sentence for possession with intent to a deliver a controlled substance in a Drug-Free Zone (DFZ), Cause No. 57,876, was to run consecutively to the four (4) other concurrent sentences.

Petitioner did not file a direct appeal. He did file the following state applications for habeas corpus, which the Court of Criminal Appeals denied or dismissed: WR 46,421-02 on Cause No. 57,876 filed November 23, 2009 and denied without written order on March 31, 2010; WR 46,421-03 on Cause No. 57,876 filed April 13, 2014 and dismissed as subsequent on July 9, 2014; WR 46,421-04 on Cause No. 50,839 filed April 13, 2014 and denied without written order on July 9, 2014; WR 46,421-05 on Cause No. 57,875 filed April 13, 2014 and denied without written order on July 9, 2014; WR 46,421-06 on Cause No. 50,840 filed April 13, 2014 and denied without written order on July 9, 2014; and WR 46,421-07 on Cause No. 57,869 filed April 13, 2014 and denied without written order on July 9, 2014.

Respondent initially moved for dismissal based upon limitations. [Dkt. 14]. In responding, petitioner argued he was not aware that his second 10-year controlled substance sentence was to run consecutively, rather than concurrently, to his other sentences until January 2014, after he had been scheduled for release on parole, had completed a 6-month drug and alcohol program at the TDCJ Kyle Unit, and was three (3) days from being released to a halfway house. An evidentiary hearing was held on the limitations question on May 15, 2015. [Dkt. 28]. To further confuse matters, petitioner's TDCJ time calculation sheets were incorrect from the onset of his incarceration, a point conceded by respondent. Further, there appears to be no dispute petitioner was set to be released on parole when it was discovered that his time calculations were incorrect, that his second drug conviction was

committed in a DFZ, and that his sentence for that offense was actually a consecutive or stacked sentence. After his parole was rescinded, petitioner was transferred to the TDCJ Eastham Unit where he received a new time calculation sheet. At the evidentiary hearing, petitioner testified he had discharged his two seven year DWI sentences (and presumably his shorter fraudulent possession of identifying information sentence), and had been paroled on the first, non-DFZ drug charge on November 1, 2014. Upon parole petitioner was not released but, instead, began to serve his sentence for the second drug charge and is currently serving that sentence. A Report and Recommendation was entered by the undersigned on June 1, 2015 recommending respondent's motion to dismiss be denied, finding petitioner's habeas application to be timely filed. [Dkt. 29]. An Order Adopting the Report and Recommendation was entered on July 14, 2015. [Dkt. 38]. On September 8, 2015 respondent filed her response to petitioner's habeas petition. [Dkt. 42].

## II.
## PETITIONER'S ALLEGATIONS

Petitioner contends the State of Texas is holding him in violation of the Constitution and laws of the United States because:

1. His consecutive ten-year sentence violates the Double Jeopardy Clause;

2. He is being illegally detained;

3. His due process rights are violated by his detainment; and

4. He was denied effective assistance of counsel because he was not admonished by the court that his sentences would be stacked.

Respondent has stated this Court lacks subject matter jurisdiction over petitioner's conviction for fraudulent possession of identifying information, in underlying Cause Number 57,869-E, because petitioner has discharged that fifteen month sentence. Respondent concedes the Supreme Court has held that a prisoner serving consecutive sentences is "in custody" under any one of the sentences for federal

habeas purposes but argues that law does not apply here. *See Garlotte v. Fordice*, 515 U.S. 39, 115 S.Ct. 1948, 132 L.Ed.2d 36 (1995). Respondent also argues petitioner is procedurally barred from challenging his underlying possession with intent to deliver a controlled substance in a DFZ, Cause Number 57,876-E, because he failed to raise the claims he raises here in his first state habeas application and his second state habeas application, containing these claims, was dismissed as a subsequent application. The Court declines to reach whether these arguments are accurate or applicable.

### III.
### STANDARD OF REVIEW

In her answer, respondent fully and accurately sets out the appropriate legal doctrines, statutory authority, and case law regarding the standard of review this Court must utilize including the required presumptions this Court must make in its review. (Dkt. 42 at 6-12). These standards and supporting authority are applicable to this case and need not be repeated.

### IV.
### MERITS

#### *Double Jeopardy*

By his first claim, petitioner appears to argue all his sentences were to run concurrently and he should have been paroled by now. Specifically, petitioner argues he is being punished twice because he is re-serving time on his ten year sentence in Cause Number 57, 876, his conviction for possession with intent to a deliver a controlled substance in a DFZ.

The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb[.]" U.S. Const., amend. V. "The Double Jeopardy Clause protects against (1) a second prosecution after acquittal, (2) a second prosecution for the same offense after conviction, and (3)

multiple punishments for the same offense." *United States v. Paternostro*, 966 F.2d 907, 911 (5th Cir. 1992) (citing *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969)).

Petitioner's challenge falls under the third prong of protection, "[t]he protection against multiple punishments prohibits the Government from punishing twice, or attempting a second time to punish criminally for the same offense." *United States v. Ursery*, 518 U.S. 267, 273, 116 S.Ct. 2135, 135 L.Ed.2d 549 (1996) (quoting *Witte v. United States*, 515 U.S. 389, 396, 115 S.Ct. 2199, 132 L.Ed.2d 351 (1995)) (internal quotations omitted). As discussed *supra*, TDCJ was initially under the impression that petitioner's sentences were to run concurrently and was unaware, until petitioner was scheduled to be released to parole, that his ten year sentence in Cause Number 57,876 was actually ordered by the trial court to be a consecutive sentence. [Dkt. 11-3 at 38]. At the time TDCJ officials determined their error, petitioner had not yet served time on this consecutive sentence and did not begin to do so until he was paroled on the other drug charge on November 1, 2014. Upon parole, petitioner was not released but, instead, began to serve his consecutive sentence for the second drug charge and he is currently serving that sentence. Petitioner is not serving an additional or second sentence for an offense for which he has already been punished. He had two controlled substance convictions, was serving the sentence on one of them, was found eligible for parole and then began serving the sentence on the second one. There has not been any double punishment. Petitioner's first ground is without merit.

### *Detention and Due Process*

By his second and third grounds petitioner argues he is being illegally detained because the State has not released him to parole and this illegal detention violates his due process rights. Petitioner has failed to assert a claim cognizable in a federal habeas corpus proceeding. Parole is the "discretionary and conditional release of an eligible inmate sentenced to the institutional

division so that the inmate may serve the remainder of the inmate's sentence under the supervision of the pardons and paroles division." Tex. Gov't Code § 508.001(6). Prison inmates are entitled to protection under the Due Process Clause only when an official action infringes upon a constitutionally protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472 (1995). The United States Supreme Court has recognized that the states have no duty to establish a parole system and that there is no constitutional right to be released on parole before the expiration of a valid sentence. *See Board of Pardons v. Allen*, 482 U.S. 369, 378 n. 10 (1987) (explaining that "statutes or regulations that provide that a parole board 'may' release an inmate on parole do not give rise to a protected liberty interest"); *Greenholtz v. Inmates of the Neb. Penal & Correctional Complex*, 442 U.S. 1, 11 (1979) (holding that a statute which "provides no more than a mere hope that the benefit will be obtained . . . is not protected by due process"). Thus, the Due Process Clause does not include a right to parole.

The Fifth Circuit has repeatedly recognized the absence of a due process right to parole. The Texas parole statutes create no constitutional right to release on parole because there is no right to expectancy of early release. *See Williams v. Briscoe*, 641 F.2d 274, 277 (5th Cir. 1981) (Texas parole statute does not create a protectable expectancy of release but, rather, creates nothing more than a hope of parole); *see also Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995); *Orellana v. Kyle*, 65 F.3d 29 (5th Cir. 1995); *Gilbertson v. Texas Board of Pardons and Paroles*, 993 F.2d 74, 75 (5th Cir. 1993); *Creel v. Keene*, 928 F.2d 707, 712 (5th Cir. 1991). As a result, it is well settled that Texas inmates "have no protected liberty interest in parole." *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997).

Consequently, to the extent petitioner claims he is entitled to immediate release from confinement to parole his claim does not provide a basis for federal habeas corpus relief since no constitutional violation has occurred. Because petitioner possesses no liberty interest in obtaining

release on parole, petitioner fails to present a cognizable constitutional claim.

## *Effectiveness of Counsel*

Petitioner's final claim is that he received ineffective assistance of counsel upon the entry of the pleas in his criminal cases because he was not admonished that his sentences would be stacked. This ineffective assistance of counsel claim was adjudicated on the merits in petitioner's state habeas corpus proceedings. In Texas writ jurisprudence, when the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written order, it is an adjudication on the merits. *Singleton v. Johnson*, 178 F.3d 381 at 384 (5th Cir. 1999). Such an adjudication is entitled to a presumption of correctness and the denial of relief based on a factual determination will not be overturned unless it is objectively unreasonable in light of the evidence presented in the state court proceeding. *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. The petitioner has the burden of rebutting this presumption of correctness by clear and convincing evidence. *Hill*, 210 F.3d at 485.

The proper standard for reviewing a claim of ineffective assistance of counsel is enunciated in *Strickland v. Washington*, 466 U.S. 668, 689, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Under the two-pronged *Strickland* standard, a petitioner must show defense counsel's performance was both deficient and prejudicial. *Id.* at 687. An attorney's performance was deficient if the attorney made errors so serious the attorney was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment to the United States Constitution. *Id.* That is, counsel's performance must have fallen below the standards of reasonably competent representation as determined by the norms of the profession. A reviewing court's scrutiny of trial counsel's performance is highly deferential, with a strong presumption counsel's performance falls within the wide range of reasonable

professional assistance. *Id.* at 689.

Petitioner must also show counsel's deficient performance prejudiced the defense. To establish this prong, petitioner must show counsel's errors were so serious as to deprive petitioner of a fair trial. *Strickland*, 466 U.S. at 687. Specifically, to prove prejudice, petitioner must show "(1) there is a reasonable probability that, but for counsel's unprofessional errors, the ultimate result of the proceeding would have been different . . . and (2) counsel's deficient performance rendered the trial fundamentally unfair." *Creel v. Johnson*, 162 F.3d 385, 395 (5th Cir. 1998). "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S. Ct. 838, 844, 122 L. Ed. 2d 180 (1993). A showing of significant prejudice is required. *Spriggs v. Collins*, 993 F.2d 85, 88 n. 4. (5th Cir.1993). If a petitioner fails to show either the deficiency or prejudice prong of the *Strickland* test, then the Court need not consider the other prong. *Strickland*, 466 U.S. at 697.

When a state prisoner asks a federal court to set aside a conviction or sentence due to ineffective assistance of counsel, the federal court is required to use the "doubly deferential" standard of review that credits any reasonable state court finding of fact or conclusion of law and which presumes defense counsel's performance fell within the bounds of reasonableness. *Burt v. Titlow,* 134 S. Ct. 10, 13, 187 L. Ed. 2d 348 (2013).

Petitioner complains he received ineffective assistance of counsel because he was never admonished by the court that his conviction for possession with intent to a deliver a controlled substance in a DFZ was to run consecutively to his other sentences *i.e.* that the sentence would be "stacked." To the extent petitioner also argues his trial counsel rendered ineffective assistance for failing to admonish him about the stacked sentence, the Court finds both claims do not entitle

petitioner to relief.

The Court conducted an evidentiary hearing to consider evidence and argument on the issue of when the statute of limitations in petitioner's case began. Petitioner, represented by appointed counsel, appeared at the hearing and was called as a witness. Petitioner testified at length about the deficiencies he perceived with regard to his trial court counsel. While petitioner's testimony was relevant to the determination of whether his federal habeas application was timely filed, that testimony <u>cannot</u> be considered by this Court in reviewing the state court's decision to deny habeas corpus relief. Federal review of a state court's state habeas decision "is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 131 S.Ct. 1388, 1398, 179 L.Ed.2d 557 (2011). Consequently, petitioner's testimony will not be relied upon in determining whether federal habeas corpus relief is appropriate in this case.

In any event, petitioner's trial counsel submitted an affidavit, signed January 22, 2010, during the state habeas proceedings in which she stated she, "explained to him the consequences of accepting the State's plea bargain offer and gave him the option of trying his case before a jury." [Dkt. 11-3 at 31]. In an additional affidavit signed April 24, 2014, also submitted during state habeas proceedings, trial counsel stated,

> In his application for writ of habeas corpus, ADOLFO ROMERO alleges that I rendered ineffective assistance of counsel because I did not inform him that the sentence in 57,876-E was to run consecutive to the other sentences because it occurred within a Drug Free Zone. Though I have no personal knowledge of my conversation with ADOLFO ROMERO due to the passage of time, it is my standard practice whenever a defendant is charged with an offense alleged to have occurred within a Drug Free Zone to inform that defendant that the sentence in that case will run consecutive to any other sentences.

[Dkt. 11-8 at 38]. Finally, the trial court transcript from petitioner ROMERO's plea hearing indicates he told the trial court he had ample time to discuss all his legal rights with counsel before

entering his pleas and that he fully understood what he was waiving. [*Id.* at 44-45]. Although there was some confusion at the plea proceeding, both defense counsel and the prosecutor set out for the judge that of the two possession with intent to distribute charges, only one was ultimately going to contain the DFZ qualification. [*Id.*]. Finally, although this Court understands there was confusion during the plea proceeding, and acknowledges the proceeding could have been more precise, petitioner was admonished by the judge that the DFZ conviction was to run consecutively to his other convictions. [*Id.* at 46-47].[1]

Petitioner raised this claim of ineffective assistance of counsel during state habeas corpus proceedings. The state court considered this claim and denied relief. Petitioner has not shown the state court's determination that defense counsel was not ineffective or that petitioner was not prejudiced by any deficiency, was contrary to *Strickland* or was an unreasonable application of *Strickland*. Nor has petitioner shown the state court decision was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Consequently, based on the record in the state habeas proceedings, there does appear to be a reasonable basis for the state court's decision. The relitigation bar of §2254(d) forecloses relief to petitioner in this federal habeas proceeding.

The Court previously found, in the June 1, 2015 Report and Recommendation to Deny Respondent's Motion to Dismiss that, "under the facts and circumstances of this case, that petitioner's testimony is sufficiently credible to support a finding that he was <u>not</u> aware he had received a consecutive sentence until January 3, 2014, at which time the limitation period to file a federal habeas corpus proceeding began to run." [Dkt. 29 at 6]. This finding, however, does not

---

[1] In response to the trial judge's inquiry whether all sentences were to run concurrent, the prosecutor clarified for the trial court that was true, "[W]ith the exception of operation by law of the application of a drug free zone, which would be stacked on the non-drug free zone case." The judge then stated, "That is so ordered." [Dkt. 11-8 at 46-47].

necessitate a finding that petitioner received ineffective assistance of trial counsel. As set out above, petitioner's testimony at the evidentiary hearing was relevant to the determination of whether his federal habeas application was timely filed. The same testimony, however, <u>cannot</u> be considered by this Court on the merits of his petition. Federal habeas review of a state court decision to deny petitioner habeas corpus relief is limited to the record that was before the state court that adjudicated the claim on the merits. Additionally, while petitioner's testimony was credible to excuse dismissal based upon limitations, the testimony does not relieve petitioner of his duty to understand and actively participate at his plea hearing, especially if he was confused or did not understand. Based upon the state court record and the pleadings before this Court, petitioner's claim of ineffective assistance of counsel should be denied.

## V.
## RECOMMENDATION

Factors in this case such as the confusion at the guilty plea proceeding, the amount of time petitioner says counsel spent with him prior to the plea, the error by TDCJ in initially treating petitioner's sentences as concurrent, and the lack of specificity at sentencing or prior to sentencing that petitioner was subject to consecutive sentences are troublesome. Those troublesome factors, notwithstanding, petitioner has not overcome the AEDPA re-litigation bar and he is not entitled to federal habeas corpus relief.

It is the RECOMMENDATION of the undersigned United States Magistrate Judge that the Petition for a Writ of Habeas Corpus filed by petitioner ADOLFO ROMERO be DENIED.

## VI.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation

to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this ___19th___ day of September 2017.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).